SEDGWICK LLP
MARTIN J. O'LEARY  Bar No. 106546
BRIAN D. HARRISON  Bar No. 157123
333 Bush Street, 30th Floor
San Francisco, CA  94104
Telephone:   (415) 781-7900
Facsimile:    (415) 781-2635
Email:    *marty.oleary@sedgwicklaw.com*
            *brian.harrison@sedgwicklaw.com*

Attorneys for Defendant
ACE AMERICAN INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| LSI CORPORATION,<br><br>             Plaintiff,<br><br>   v.<br><br>ACE AMERICAN INSURANCE COMPANY, ACE USA (Improperly Pled), business entity form unknown, and DOES 1 through 50, inclusive,<br><br>             Defendants. | CASE NO.<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA; DEMAND FOR JURY TRIAL**<br><br>[ORIGINALLY SANTA CLARA COUNTY SUPERIOR COURT, CASE NO. 114CV269449] |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, AND TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, defendant ACE American Insurance Company ("ACE American"), by and through its counsel of record, hereby removes to this Court the state court action described below.

**JURISDICTION**

1.     Removal to this Court is proper pursuant to 28 U.S.C. §§ 1332(a) and 1441(a).

2.     28 U.S.C. § 1332(a) provides in pertinent part: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between — (1) citizens of different States [or]

… (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties . . . ."

3. 28 U.S.C. § 1441(a) provides in pertinent part, "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

## THE STATE COURT PLEADING

4. On August 14, 2014, plaintiff LSI Corporation ("LSI") filed a complaint in the Superior Court of the State of California, County of Santa Clara, bearing case number 114CV269449, alleging breach of contract and breach of the covenant of good faith and fair dealing ("Complaint").

5. Defendant ACE American was served via CT Corporation on August 29, 2014, with the Service of Process Transmittal, Summons, Civil Case Cover Sheet, Civil Lawsuit Notice, Alternative Dispute Resolution Information Sheet, and Complaint; true and correct copies are attached hereto as **Exhibit A**.  Pursuant to 28 U.S.C. § 1446(a), **Exhibit A** constitutes all process, pleadings, and orders served on this defendant as of the date of the filing of this Notice of Removal.

6. Counsel for ACE American will file a copy of the Notice of Removal with the Clerk of the Court of the Superior Court of the State of California, County of Santa Clara, and written notice will be provided to counsel for LSI, all in accordance with 28 U.S.C. § 1446(d). A true copy of this Notice is attached hereto as **Exhibit B.**

7. ACE American will file a timely responsive pleading to the Complaint in this Court.

## NOTICE OF REMOVAL IS TIMELY

8. As described in paragraph 5 above, defendant ACE American was served, via CT Corporation, with a copy of the Complaint and the respective Summons on August 29, 2014.

9. This Notice of Removal is timely, having been filed within thirty (30) days of first service of the Complaint upon ACE American.  *See* 28 U.S.C. § 1446(b)(1).

## THE PARTIES ARE OF DIVERSE CITIZENSHIP AND
## THIS MATTER EXCEEDS THE JURISDICTIONAL MINIMUM

10. As described in paragraphs 11 to 20 below, this action is a civil action in which this Court has original jurisdiction under 28 U.S.C. § 1332(a), and is one which may be removed to this Court by ACE American pursuant to the provisions of 28 U.S.C. § 1441(a) and (b) in that it is a civil action wherein the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

11. On information and belief, both at the time of the filing of the Complaint and at the time of this removal, LSI was, and continues to be, a domiciled-in-citizen of the State of California. Paragraph 1 of the Complaint alleges that "[a]t all times mentioned herein, plaintiff LSI Corporation (hereinafter "LSI" or Plaintiff") was an active corporation qualified to do business and doing business in Santa Clara County, State of California."

12. A corporation is a citizen of the state in which it was incorporated and the state in which its principal place of business is located. 28 U.S.C. § 1332(c)(1). ACE American is a corporation organized and incorporated under the laws of the State of Pennsylvania, with its principal place of business in Pennsylvania. *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010) ("We conclude that 'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's 'nerve center.'").

13. Purported Defendant "ACE USA" is improperly named as a party in light of the fact that "ACE USA" is a service mark and is not an actual entity. Declaration of Kenneth D. Milbauer in Support of Removal of Civil Action to United States District Court for the Northern District of California; Demand for Jury Trial, ¶ 2.

14. Although the Complaint names 50 "DOE" defendants, "[t]he citizenship of fictitious defendants is disregarded for removal purposes[.]" *Soliman v. Philip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002); *see also* 28 U.S.C. § 1441(b)(1).

15. This action involves an amount in controversy that exceeds the sum of $75,000, exclusive of interest and costs, based on the following:

16.  The amount in controversy is determined from the allegations or prayer of the complaint.  See *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 US 283, 289 (1938).

17.  This is a suit for breach of contract and bad faith.  (Complaint, ¶¶ 6-38.)  The suit alleges that ACE American issued a Management Protection Policy, policy number DON G23648350, effective July 1, 2013 through July 1, 2014, with $15 million limits of liability ("Policy"), which includes a duty to pay Loss and Defense Costs as defined by the Policy.  (Complaint, ¶¶ 7-8.)  The suit alleges that on or about January 30, 2014, City of Orlando Police Pension Fund and Northern California Pipe Trades Pension Plan, stockholders of LSI, filed a consolidated class action complaint against LSI in the Court of Chancery of the State of Delaware ("Stockholder Action") claiming that LSI and its directors and CEO breached fiduciary duties owed in connection with a planned merger of LSI and Avago Technologies Limited.  (Complaint, ¶ 11.).  LSI alleges that the Stockholder Action was tendered to ACE American, which accepted coverage pursuant to the terms of the Policy.  (Complaint, ¶¶ 12-13.)  Thereafter, the Stockholder Action was settled and the terms of the settlement required, among other obligations, LSI to provide and pay for notice to be sent to members of the Stockholder Action class.  (Complaint, ¶ 14.)  LSI alleges that on or around April 8 and 17, 2014, LSI informed ACE American that LSI would be required to provide the notification of the settlement to the class, that notification expenses was to be borne by LSI and, by these acts, LSI expected and intended ACE American to pay and reimburse these notification expenses.  (Complaint, ¶ ¶15-16.)  Thereafter, LSI retained the Garden City Group to disseminate notice and carry out related tasks regarding same, per the Stockholder Action settlement agreement and court order.  (Complaint, ¶ 18.)  On or around May 16, 2014, LSI sent ACE American a Garden City Invoice in the amount of $1,139,440.87 for the initial notification expenses and requested ACE American to pay the invoice, and on June 26, 2014, sent ACE American a second Garden City invoice in the amount of $1,145,601.82 for additional notification expenses, for a total of $2,285,042.69.  (Complaint, ¶¶ 19-20.)  On June 11, 2014, ACE American acknowledged receipt of the payment requests, but refused to pay the amount of $2,285,042.69 incurred, citing Section X.B., as amended by Endorsement No. 11 of the Policy, which provides: "The Insureds agree not to settle or offer to

settle any Claim, incur any Defense Costs or otherwise assume any contractual obligation or admit any liability with respect to any Claim without the prior written consent of the Insurer, which consent shall not be unreasonably withheld." (Complaint, ¶ 21.) LSI alleges that ACE American's refusal to pay based on this provision was erroneous, and that LSI performed all terms and conditions of the Policy and notified ACE American of its error in relying upon the cited provision. (Complaint, ¶¶ 23-24.) LSI further alleges that ACE American breached the terms of the Policy by refusing to pay the notification expenses of the Garden City Group invoices in the amount of $2,285,042.69 that LSI was obligated to pay by reason of the settlement and court order, communicating by letter its refusal to pay such invoices even after LSI pointed out ACE American's alleged error in interpreting the Policy, and continuing to refuse to pay the amount of $2,285,042.99 despite LSI's repeated requests. (Complaint, ¶¶ 23-24.) In addition, LSI claims that ACE American has failed to pay and reimburse Defense Costs incurred in the amount of $182,386.25, without cause, justification or sufficient explanation, and that ACE American has breached the Policy by refusing to pay such Defense Costs. (Complaint, ¶¶ 25-26.)  As a proximate result of ACE American's refusal to pay covered Loss under the Policy, LSA will have to pay the sum of at least $2,467,428.94 in outstanding Garden City Group Invoices and other Defense Costs, and will be damaged in that amount, as well as attorneys' fees to obtain such benefits and other loss. (Complaint, ¶¶ 28-30.) LSI further alleges that ACE American's breach and related conduct was unreasonably and in bad faith. (Complaint, ¶¶ 31-37.)

18. In the Complaint, LSI "prays for judgment" "[f]or general and special damages according to proof, in excess of $2,467,428.94; [f]or interest on said damages at the legal rate, according to proof; [c]osts of suit incurred herein; [and] [f]or such other and further relief as the Court may deem just and proper." (Complaint, Prayer for Relief at ¶¶1-4 under "On the First and Second Causes of Action".) Therefore, the amount in dispute with respect to the subject action is at least **$2,467,428.94**, and such amount in controversy exceeds the jurisdictional minimum of $75,000. (Emphasis added.)

19. Further, Plaintiff LSI seeks punitive damages in connection with the claims for alleged bad faith. (Complaint, ¶ 38, Prayer at ¶2 under "On the Second Cause of Action".) A claim for punitive damages is considered in deciding whether the "matter in controversy" requirement has been satisfied. *See E.G. Gibson v. Chrysler Corp.,* 261 F.3d 927, 945 (9th Cir. 2001), citing *Bell v. Preferred Life Assurance Society*, 320 U.S. 238, 240 64 S. Ct. 5, 88 Ltd.Ed. 15 (1943) ("It is well established that punitive damages are part of the amount in controversy in a civil action.").

20. Although ACE American denies that the foregoing potential damages are merited in this case, Plaintiff's Complaint has placed them in controversy. Accordingly, the amount in controversy exceeds $75,000.

WHEREFORE, ACE American hereby requests that this action now pending in the Superior Court of the State of California for the County of Santa Clara be removed directly to the San Jose Division of the United States District Court, Northern District of California.

DATED:  September 26, 2014            SEDGWICK LLP

                                      By: */s/ Brian D. Harrison*
                                          Martin J. O'Leary
                                          Brian D. Harrison
                                          Attorneys for Defendant
                                          ACE AMERICAN INSURANCE COMPANY

## DEMAND FOR JURY TRIAL

ACE American hereby demands a trial by jury in this action.

DATED: September 26, 2014

Respectfully submitted,

SEDGWICK LLP

By: */s/ Brian D. Harrison*
    Martin J. O'Leary
    Brian D. Harrison
    Attorneys for Defendant
    ACE AMERICAN INSURANCE COMPANY