# EXHIBIT A

 CT Corporation

**Service of Process Transmittal**
08/29/2014
CT Log Number 525611452

TO: Saverio Rocca, Corporate Counsel
ACE Group
436 Walnut Street, 2nd Floor WA02C
Philadelphia, PA 19106

RE: **Process Served in California**

FOR: ACE American Insurance Company (Domestic State: PA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | LSI Corporation, Pltf. vs. ACE American Insurance Company, et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Cover Sheet, Notice, Complaint, Information Sheet |
| **COURT/AGENCY:** | Santa Clara County - Superior Court, CA<br>Case # 114CV269449 |
| **NATURE OF ACTION:** | Insurance Litigation - Breach of the Implied Covenant of Good Faith and Fair Dealing |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 08/29/2014 at 11:30 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Earliest Answer Date - Within 30 days (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Randy M. Hess<br>Adleson, Hess & Kelly, APC<br>577 Salmar Avenue<br>Second Floor<br>Campbell, CA 95008<br>408-341-0234 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 09/02/2014, Expected Purge Date: 09/07/2014<br>Image SOP<br>Email Notification, Adrienne Logan ADRIENNE.LOGAN@acegroup.com<br>Email Notification, Marie Morrill marie.morrill@acegroup.com<br>Email Notification, Pamela Martin pamela.martin@acegroup.com<br>Email Notification, Angela Jay angela.jay@acegroup.com<br>Email Notification, Darlene Schneider darlene.schneider@acegroup.com |
| **SIGNED:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>818 West Seventh Street<br>Los Angeles, CA 90017<br>213-337-4615 |

Page 1 of 1 / AR

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

8/29 11:30

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ACE AMERICAN INSURANCE COMPANY, ACE USA, business
entity form unknown, and DOES 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
LSI CORPORATION

ENDORSED

2014 AUG 14  P 4: 00

Superior Court
Santa Clara California

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA<br>191 N. First Street, San Jose, CA 95113 | CASE NUMBER:<br>*(Número del Caso):*<br>**1 1 4 C V 2 6 9 4 4 9** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Randy M. Hess  (Bar # 88635)
ADLESON, HESS & KELLY, APC
577 Salmar Avenue, Second Floor, Campbell, CA 95008

Fax No.: (408) 341-0250
Phone No.: (408) 341-0234

DATE:  AUG 1 4 2014  DAVID H. YAMASAKI  Clerk, by _____, Deputy
*(Fecha)*  Chief Executive Officer/Clerk  *(Secretario)*  *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* ACE American Insurance Company

under: ☑ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☑ by personal delivery on (date):

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
LexisNexis® Automated California Judicial Council Forms

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Randy M. Hess (Bar # 88845) Pamela A. Bower (Bar # 151701) ADLESON, HESS & KELLY, APC 577 Salmar Avenue, Second Floor, Campbell, CA 95008 | |

TELEPHONE NO.: (408) 341-0234    FAX NO.: (408) 341-0250
ATTORNEY FOR *(Name):* LSI CORPORATION, Plaintiff

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
STREET ADDRESS: 191 N. First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose 95113
BRANCH NAME:

CASE NAME:
LSI CORPORATION v. ACE AMERICAN INSURANCE COMPANY, et al

ENDORSED

2014 AUG 14 P 4:00

*Superior Court*
*Santa Clara, California*
*Deputy Clerk*

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [X] Counter  [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | 114CV269449 |

JUDGE:
DEPT:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[X] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [X] punitive
4. Number of causes of action *(specify):* TWO (2)
5. This case [ ] is  [X] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: August 14, 2014

Pamela A. Bower
(TYPE OR PRINT NAME)                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 *www.courtinfo.ca.gov* |
|---|---|---|

*LexisNexis® Automated California Judicial Council Forms*

ATTACHMENT CV-5012

# CIVIL LAWSUIT NOTICE

*Superior Court of California, County of Santa Clara*
*191 N. First St., San Jose, CA  95113*

CASE NUMBER: **114CV269449**

## PLEASE READ THIS ENTIRE FORM

*PLAINTIFF* (the person suing):  Within 60 days after filing the lawsuit, you must serve each Defendant with the *Complaint, Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

---

*DEFENDANT* (The person sued): You must do each of the following to protect your rights:

1. You must file a written response to the *Complaint, using the proper legal form or format*, in the Clerk's Office of the Court, within 30 days of the date you were served with the *Summons* and *Complaint*;
2. You must serve by mail a copy of your written response on the  Plaintiff's attorney or on the Plaintiff if Plaintiff has no attorney (to "serve by mail" means to have an adult other than yourself mail a copy); and
3. You must attend the first Case Management Conference.

Warning: If you, as the Defendant, do not follow these instructions,
you may automatically lose this case.

---

*RULES AND FORMS:*  You must follow the California Rules of Court and the Superior Court of California, County of Santa Clara Local Civil Rules and use proper forms.  You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), www.scselfservice.org (Select "Civil") or from:

- State Rules and Judicial Council Forms:  www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms:  http://www.sccsuperiorcourt.org/civil/rule1toc.htm

*CASE MANAGEMENT CONFERENCE (CMC):*  You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC. You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

*You or your attorney must appear at the CMC.  You may ask to appear by telephone – see Local Civil Rule 8.*

---

*Your Case Management Judge is:* William Elfving                              *Department:* ___3___

*The 1st CMC is scheduled for:* (Completed by Clerk of Court)
                    Date: **DEC 0 9 2014**              Time: 2:15pm   in Department: 3

*The next CMC is scheduled for:* (Completed by party if the 1st CMC was continued or has passed)
                    Date: _____     Time: _____   in Department:_____

---

*ALTERNATIVE DISPUTE RESOLUTION (ADR):*  If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

*WARNING:* Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

ADLESON, HESS & KELLY, APC
Randy M. Hess (SBN 88635)
Pamela A. Bower (SBN 151701)
577 Salmar Avenue, Second Floor
Campbell, California 95008
Telephone: (408) 341-0234
Facsimile: (408) 341-0250
rhess@ahklaw.com
pbower@ahklaw.com

Attorneys for Plaintiff
LSI CORPORATION

ENDORSED

2014 AUG 14 P 3: 50

[illegible] D.H. Yamasaki, Clerk of the Superior Court
[illegible]
Deputy Clerk

# SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SANTA CLARA

### (Unlimited Jurisdiction Case)

| | |
|---|---|
| LSI CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>ACE AMERICAN INSURANCE COMPANY, ACE USA, business entity form unknown, and DOES 1 through 50, inclusive.<br><br>Defendants. | CASE NO.: **114CV269449**<br><br>COMPLAINT FOR BREACH OF CONTRACT AND BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING<br><br>**JURY TRIAL REQUESTED** |

Plaintiff LSI Corporation alleges:

## I. GENERAL ALLEGATIONS

1. At all times mentioned herein, plaintiff LSI CORPORATION (hereinafter "LSI" or "Plaintiff") was an active corporation qualified to do business and doing business in Santa Clara County, State of California. LSI was at all times relevant an insured under the policies hereinafter referenced.

2. Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein, defendants ACE AMERICAN INSURANCE COMPANY and ACE USA, business entities of forms unknown, were, and are insurance companies doing business as insurers in the State of California, and were, and are, corporations authorized to do business and doing business under the laws of the State of California, and are members of,

ADLESON, HESS & KELLY, APC
577 Salmar Ave., 2nd Flr
Campbell, CA 95008
(408) 341-0234
Fax (408) 341-0250
www.ahk-law.com

Case No.:      COMPLAINT FOR BREACH OF CONTRACT AND INSURANCE BAD FAITH      1

1  related to, affiliated with, and/or subsidiaries of, defendant ACE USA. Plaintiff is informed

2  and believes and thereon alleges that defendants, and each of them, conduct business

3  including the business of selling insurance products, in the County of Santa Clara, State of

4  California, and that said defendants sold an insurance policy to LSI, as alleged hereinafter,

5  which was issued and delivered to LSI in the County of Santa Clara, State of California.

6      3.    Plaintiff is ignorant of the true names and capacities of defendants sued herein

7  as Does 1 through 50, inclusive, and therefore sues these defendants by such fictitious

8  names. Plaintiff will amend this complaint to allege their true names and capacities when

9  they are ascertained. Plaintiff is informed and believes, and thereon alleges, that each of

10 the said fictitiously-named defendants is responsible and liable in some manner upon the

11 policy of insurance hereinafter alleged, and that plaintiff's damages as herein alleged were

12 proximately caused by the conduct of defendants, and/or any of them, and/or each of them.

13     4.    Plaintiff is informed and believes, and thereon alleges, that at all times herein

14 mentioned, defendants, and each of them, were acting as the agents, servants, successors,

15 assigns, predecessors, principals, joint venturers, and/or employees of each other, and

16 were acting within the full course and scope of said relationship, and with the full

17 knowledge, consent and ratification, either expressed or implied, of each of the other said

18 named defendants.

19     5.    The insurance policy forming the basis for this action was issued and/or

20 delivered to LSI in the County of Santa Clara, State of California, and was intended to

21 provide coverage for LSI and for the officers and directors of LSI and others qualifying as

22 insureds, for covered claims and losses, including but not limited to claims and losses

23 arising out of actions brought by shareholders alleging breaches of fiduciary duties, and

24 other wrongful acts, committed in the course of the business.

25             **II.    FIRST CAUSE OF ACTION**

26             **(Breach of Contract against all Defendants)**

27     6.    Plaintiff incorporates herein by reference the allegations contained in

28 paragraphs 1 through 5 of its General Allegations as if fully set forth herein.

ADLESON, HESS &
KELLY, APC
577 Salmar Ave., 2nd Flr
Campbell, CA 95008
(408) 341-0234
Fax (408) 341-0250
www.ahk-law.com

7.     Defendants, by their duly authorized agents, for valuable consideration, executed, delivered and issued to Plaintiff the "ACE Advantage Management Protection Policy," policy number DON G23648350 005, effective from at least July 1, 2013 through July 1, 2014 with $15,000,000 limits of liability (hereinafter referred to as "the ACE policy"). Said ACE policy provided, or purported to provide, LSI with liability insurance, including a duty to pay Loss, which is defined to include Defense Costs and settlements the insured becomes legally obligated to pay, among other coverages. The ACE policy by its terms was effective at all times relevant, and was maintained in full force and effect at all times herein mentioned.

8.     By the terms of the ACE policy, defendants agreed to pay, on behalf of LSI, Loss as a result of a wrongful act, which included, among other claims, any actual or alleged error, misstatement, misleading statement, act, omission, neglect, or breach of duty and by reason of a Securities Claim. Further, defendants agreed to act in good faith and deal fairly with LSI when they entered into the ACE policy alleged herein and accepted premiums from LSI.

9.     The ACE policy defines the terms "Loss" and "Defense Costs" as, respectively:

"**Loss** means the damages, judgments, any award of pre-judgment and post-judgment interest, settlements and **Defense Costs** which the **Insured** becomes legally obligated to pay…"

"**Defense Costs** means reasonable and necessary costs, charges, fees and expenses incurred by any **Insured** in defending **Claims** and the premium for appeal, attachment or similar bonds arising out of covered judgments, but with no obligation to furnish such bonds. **Defense Costs** do not include wages, salaries, fees or other compensation of the **Insured Persons** or **Company** employees

10.     The ACE policy acknowledges that it is the duty of the insured, and not the duty of the insurer, to defend claims.

11.     On or about January 30, 2014, co-lead plaintiffs City of Orlando Police Pension Fund and Northern California Pipe Trades Pension Plan, stockholders of LSI, filed their Verified Amended and Consolidated Class Action Complaint against LSI in the Court of Chancery of the State of Delaware, styled *In Re LSI Corporation Stockholders Litigation*, Consolidated C.A. No. 9175-VCN (hereinafter to referred to as the "Stockholder Action").

ADLESON, HESS &
KELLY, APC
577 Salmar Ave., 2nd Flr
Campbell, CA 95008
(408) 341-0234
Fax (408) 341-0250
www.shk-law.com

Case No.:     COMPLAINT FOR BREACH OF CONTRACT AND INSURANCE BAD FAITH     3

1  Plaintiffs in the Stockholder Action claimed that LSI and its Directors and Chief Executive

2  Officer breached fiduciary duties owed in connection with a planned merger of LSI and

3  Avago Technologies Limited. Seven similar actions were filed in the Superior Court of the

4  State of California, County of Santa Clara. The California plaintiffs agreed to stay their

5  actions in deference to the consolidated Delaware action, but reserved their rights.

6      12.    LSI timely tendered the Stockholder Action to defendants, seeking coverage

7  on behalf of LSI and its directors and officers under the terms of the ACE policy. LSI and its

8  directors and officers (all of whom were insureds under the ACE policy issued by

9  defendants herein) are and were entitled to coverage under the ACE policy. All conditions

10  on the insureds' part to be performed under the agreement were performed, including but

11  not limited to payment of all premiums, satisfaction of the self-insured retention or

12  deductible, cooperation in the defense of the action, and all other conditions to coverage.

13      13.    Defendants accepted coverage for the claim and agreed to perform pursuant

14  to the terms of the ACE policy.

15      14.    Thereafter, the parties to the Stockholder Action, through their respective

16  counsel, reached a settlement in principle of the Stockholder Action. The terms of the

17  settlement required, among other obligations, LSI to provide and pay for notice to be sent to

18  members of the Stockholder Action class, which includes all persons who held shares of

19  stock of LSI at any time from and including August 12, 2013 through the date of the

20  consummation of the LSI merger, excluding the named defendants in the Stockholder

21  Action and their immediate family members and entities. The terms of settlement also

22  required LSI to cause to be paid the plaintiffs' attorneys' fees and expenses.

23      15.    On or about April 8, 2014, LSI provided defendants with the draft settlement

24  agreement in the Stockholder Action, informing defendants that LSI would be required to

25  provide for the notification of the settlement to the class and that notification expenses was

26  to be borne by LSI, among other obligations. By these acts, LSI expected and intended for

27  defendants to pay or reimburse the notification expenses. The "Notice" provision in the draft

28  settlement agreement provided to defendants stated:

ADLESON, HESS &
KELLY, APC
577 Salmar Ave., 2nd Flr
Campbell, CA 95008
(408) 341-0234
Fax (408) 341-0250
www.ahk-law.com

Case No.:        COMPLAINT FOR BREACH OF CONTRACT AND INSURANCE BAD FAITH      4

"NOTICE

4. ***Notice of the proposed Settlement shall be provided by LSI or its successor entity at its expense***, by mailing a Notice, in substantially the form attached hereto as Exhibit F, to all stockholders of record of LSI who are members of the Class, in accordance with the Scheduling Order. Counsel for LSI or its successor entity shall, at least ten (10) business days before the Settlement Hearing (as defined below), file with the Court an appropriate affidavit with respect to the preparation and mailing of the Notice in accordance with the Scheduling Order. ***Lead Plaintiffs and Lead Counsel shall not be responsible for providing the above-described notice to the Class or for paying any associated costs.***" (Emphases added.)

16.     On or about April 17, 2014, defendants were thereafter again notified by letter sent via email that LSI was required to provide notification to class members when they were provided with a copy of the Court of Chancery's scheduling order, which legally obligated LSI to pay for and provide notice to the class members (hereinafter, the "court order"). The court order provided:

"5.        The Court approves, in form and content, the notice attached as Exhibit F to the Stipulation (the "Notice") and finds that the mailing and distribution of the Notice substantially in the manner and form set forth in this Order meets the requirements of Court of Chancery Rules 23 and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

(a)        ***No less than fifty (50) calendar days prior to the Settlement Hearing, LSI or its successor entity shall cause the Notice, in substantially the form annexed as Exhibit F to the Stipulation, to be mailed by first-class mail to all stockholders of record of LSI*** who are members of the Class as of the date of this Order at their last known address appearing in the stock transfer records maintained by or on behalf of LSI. All shareholders of record in the Class who were not also the beneficial owners of the shares of LSI common stock held by them of record shall be requested to forward the Notice to such beneficial owners of those shares. LSI or its successor entity shall use reasonable efforts to give notice to such beneficial owners by (i) making additional copies of the Notice available to any record holder who, prior to the Settlement Hearing, requests the same for distribution to beneficial owners, or (ii) mailing additional copies of the Notice to beneficial holders as reasonably requested by records holders who provide names and addresses for such beneficial holders.

(b)        Counsel for LSI or its successor entity shall, at least ten (10) calendar days prior to the Settlement Hearing described herein, file with the Court an appropriate affidavit with respect to the preparation and mailing of the Notice in accordance with this paragraph 5.

ADLESON, HESS &
KELLY, APC
577 Salmar Ave., 2nd Flr
Campbell, CA 95008
(408) 341-0234
Fax (408) 341-0250
www.ahk-law.com

Case No.: _____                    COMPLAINT FOR BREACH OF CONTRACT AND INSURANCE BAD FAITH                    5

(c) **LSI and/or its successor(s) in interest shall pay all reasonable costs and expenses incurred in providing notice of the Settlement to the Class**, and Lead Plaintiffs and Lead Counsel shall not be responsible for paying any such notice costs." (Emphases added.)

17. LSI never received any objection from defendants, either to the settlement itself or to the incurring of the expense of providing the court-mandated notice of settlement to the class. LSI never received any indication from defendants that it objected to the proposed settlement or any portion thereof, and in fact defendants paid the proposed settlement, save and except for the notification expenses addressed herein. This is true despite the fact that the specific amount of the settlement (the class plaintiffs' attorneys' fees and expenses and the notification expenses) were not spelled out in the Stockholder Action settlement agreement.

18. As a result of the court order and settlement agreement which legally obligated LSI to provide notice to the class, LSI, through its counsel approved by defendants, retained the Garden City Group, Inc., one of the leading claims administrators in the industry, to disseminate notice and carry out all related tasks regarding the same, as required by the Stockholder Action settlement agreement and court order.

19. On or around May 16, 2014, LSI sent a letter to ACE American, enclosing a copy of the Garden City Group, Inc. Invoice No. 16341, relating to the initial notification expenses. The Garden City Group invoice totaled $1,139,440.87. By its letter, LSI requested defendant pay the invoice. LSI never received a response to this letter from defendants, nor did it ever receive any indication that defendants did not intend to pay the invoice or any portion of the court-mandated notification expenses or any portion of the settlement.

20. On or around June 26, 2014, ACE American was provided with a second invoice from the Garden City Group, Inc., Invoice No. 16549, relating to additional notification expenses. This second Garden City invoice totaled $1,145,601.82, for a combined total of $2,285,042.69 in reasonable and necessary costs of providing notice to hundreds of thousands of class members, as required by the settlement and court order.

ADLESON, HESS &
KELLY, APC
577 Salmar Ave., 2nd Flr
Campbell, CA 95008
(408) 341-0234
Fax (408) 341-0250
www.ahk-law.com

Case No.:     COMPLAINT FOR BREACH OF CONTRACT AND INSURANCE BAD FAITH     6

1   This included the cost of printing and mailing almost 800,000 62-page Notices to record

2   holders, nominees and class members, including 316 notices that were re-mailed upon

3   receipt of updated addresses provided by the Postal Service, as well as data entry,

4   management and other services critical to ensuring the notices were timely and promptly

5   given according to the court's order.

6        21.   On or around June 11, 2014, defendants finally acknowledged receipt of the

7   payment requests, but refused to pay the $2,285,042.69 incurred, or any portion thereof.

8   Defendants cited Section X.B, as amended by Endorsement No. 11 of the ACE policy, as a

9   rationale for the denial. Defendants erroneously cited and relied on the following provision in

10  its letter, subject to its footnote concerning its interpretation of the nature of the notification

11  expenses:

> "The Insureds agree not to settle or offer to settle any Claim, incur any Defense Costs[FN1] or otherwise assume any contractual obligation or admit any liability with respect to any Claim without the prior written consent of the Insurer, which consent shall not be unreasonably withheld. The Insurer shall not be liable for any settlement, Defense Costs, assumed obligation or admission to which it has not consented.
>
> [FN1] The amounts described in the Invoice are not costs, charges, fees or expenses incurred in defending the Lawsuit, and therefore would not constitute Defense Costs."

17       22.   The refusal to pay notification expenses based on the provision set forth in the

18  preceding paragraph was clearly erroneous, as the defendants consented to the settlement,

19  never objected to any portion of the settlement, approved the defense counsel who retained

20  the claims administration vendor who performed notification as required by the settlement,

21  allowed that defense counsel to retain other vendors in the course of the defense of the

22  action without requiring advance approval of the selected vendor, received the benefits of

23  the settlement in that defendants were not required to pay on behalf of the insureds any

24  amounts to the plaintiffs other than attorneys' fees and expenses, and received the benefits

25  of the settlement in that notification was properly accomplished so as to finalize the

26  settlement without further expense to defendants, among other reasons as will be

27  determined in the course of the action.

28       23.   At all times herein mentioned, LSI as the Named Entity insured under the ACE

ADLESON, HESS &
KELLY, APC
577 Salmar Ave., 2nd Flr
Campbell, CA 95008
(408) 341-0234
Fax (408) 341-0250
www.ahk-law.com

Case No.:          COMPLAINT FOR BREACH OF CONTRACT AND INSURANCE BAD FAITH          7

1  policy performed all of the terms and conditions of the policy of insurance issued by
2  defendants, including, but not limited to, paying premiums to defendants upon said policies
3  of insurance to keep the policy in full force and effect and ensuring all deductibles and
4  retentions were met. LSI intended and expected thereby to be assured peace of mind and
5  financial and economic security in the event of claims brought against it and/or its officers
6  and directors. LSI notified defendants of their error in relying on the provision cited above in
7  refusing to pay these reasonably and necessarily incurred expenses.

8      24.    Defendants breached the terms of the ACE policy by refusing to pay the
9  notification expenses the insured was obligated to pay by reason of the settlement and
10  Court order, communicating by letter their refusal to pay any of the notification expenses,
11  and by reiterating their refusal to pay notification expenses even after defendants' error in
12  interpretation of its policy and its obligations to its insureds were pointed out by LSI through
13  its counsel. Specifically, defendants breached the terms of the ACE policy by refusing to pay
14  Loss that was clearly covered by the ACE policy (whether as a Defense Cost or settlement
15  which the Insured had become legally obligated to pay); by refusing to failing to pay benefits
16  due under the policy; by rejecting the claim for payment of the covered $2,285,042.69
17  Garden City Group invoices, by continuing to refuse to pay, despite repeated requests, the
18  $2,285,042.69 invoice; by withholding policy benefits owed to the insured; by
19  misrepresenting terms of the insurance policy and law as purported rationale for the
20  withholding of benefits owed to LSI; all of these positions taken without justification; and
21  other breaches, all in an amount according to proof at trial, and in excess of this court's
22  minimum jurisdiction.

23      25.    In addition to the failure to pay the notification expenses, defendants also
24  refused to pay other Defense Costs reasonably and necessarily incurred. LSI and/or its
25  counsel submitted invoices for Defense Costs incurred in the defense of the Stockholder
26  Action, which were reasonable and necessary costs, charges, fees and expenses incurred
27  by LSI in defending the action. On or about July 30, 2014, defendants advised that they
28  refused to reimburse or pay $182,386.25 of such Defense Costs, without cause, justification

ADLESON, HESS &
KELLY, APC
577 Salmar Ave., 2nd Flr
Campbell, CA 95008
(408) 341-0234
Fax (408) 341-0250
www.ahk-law.com

Case No.:    COMPLAINT FOR BREACH OF CONTRACT AND INSURANCE BAD FAITH    8

1  or sufficient explanation. The costs defendants refused to reimburse or pay included costs
2  for filing and court fees, among other reasonable and necessary costs, charges, fees and
3  expenses.

4      26.    Defendants therefore also breached the terms of the ACE policy by refusing to
5  pay the Defense Costs incurred in the defense of the Stockholder Action as described in the
6  preceding paragraph, which were Defense Costs the insured was legally obligated to pay;
7  by refusing and failing to pay benefits due under the policy; by rejecting the claim for
8  payment of Defense Costs in full; by withholding policy benefits owed to the insureds; by
9  misrepresenting terms of the insurance policy and law as purported rationale for the
10  withholding of benefits owed to LSI; all of these positions taken without justification; and
11  other breaches, all in an amount according to proof at trial, and in excess of this court's
12  minimum jurisdiction.

13      27.    Defendants further breached the ACE policy by the following conduct, acts,
14  errors or omissions:

15      a.    Failing and refusing to make a reasonable, prompt and adequate
16  investigation of LSI's claim for benefits;

17      b.    Failing and refusing to pay LSI's claim for benefits, after liability for such
18  benefits had become reasonably clear;

19      c.    Failing and refusing to provide coverage to its insureds or
20  pay/reimburse Defense Costs and/or settlements for the attorneys' fees, expenses and/or
21  costs incurred in defense of the Stockholder Action;

22      d.    Failing and refusing to pay LSI the amount of Loss, including Defense
23  Costs and/or settlements, due under the ACE policy, within the policy limits, when requested
24  to do so;

25      e.    Resolving ambiguities in the policy to defendants' benefit and/or
26  interpreting exclusions and/or conditions in the policy against coverage when the exclusions
27  and/or conditions did not conclusively bar coverage;

28      f.    In the above and other conduct, violating the California Insurance Code;

ADLESON, HESS &
KELLY, APC
577 Salmar Ave., 2nd Flr
Campbell, CA 95008
(408) 341-0234
Fax (408) 341-0250
www.ahk-law.com

Case No.:    COMPLAINT FOR BREACH OF CONTRACT AND INSURANCE BAD FAITH    9

1            g.     Handling the claim of LSI and/or its Directors and Officers in an unfair

2 manner;

3            h.     Misrepresenting to LSI and/or its Directors and Officers pertinent facts

4 and insurance policy provisions or application of policy provisions relating to the coverage at

5 issue;

6            i.     Failing and refusing to acknowledge and act reasonably promptly upon

7 receipt of communications from LSI and/or its Directors, Officers, representatives, agents

8 and/or attorneys, with respect to claims arising under the insurance policy;

9            j.     Failing and refusing to adopt, implement or follow reasonable standards

10 for the prompt investigation and processing of claims arising under the policy;

11            k.     Failing and refusing to attempt in good faith to execute prompt, fair and

12 equitable settlement of the Stockholder Action, by withholding payment of a key element of

13 that settlement;

14            l.     Failing and refusing to provide a reasonable and prompt explanation to

15 LSI and/or its Directors, Officers, and agents of the basis relied on in the insurance policy, in

16 relation to the facts or applicable law, for the denial of and the failure to pay policy benefits

17 after acknowledging coverage under the policy was owed to Plaintiff;

18            m.     Failing and refusing to provide coverage for Loss when coverage was

19 required and/or when coverage was acknowledged by defendants;

20            n.     Requiring LSI to hire counsel in order to obtain coverage for benefits

21 due under the policy;

22            o.     Requiring LSI to file an action in order to obtain coverage for benefits

23 due under the policy; and/or

24            p.     Such other acts as may be determined to be in breach of the insurance

25 agreement and/or the obligations imposed upon defendants by law.

26       28.     As a direct and proximate result of defendants' refusal to pay for covered Loss

27 in the form of the reasonable and necessary expenses of notification to class members in

28 the Stockholder Action as herein alleged, and defendants' other breaches of the ACE

ADLESON, HESS &
KELLY, APC
577 Salmar Ave., 2nd Flr
Campbell, CA 95008
(408) 341-0234
Fax (408) 341-0250
www.ahk-law.com

Case No.:         COMPLAINT FOR BREACH OF CONTRACT AND INSURANCE BAD FAITH         10

1 insurance policy, LSI has been or will be compelled to pay the sum of at least

2 $2,467,428.94 in outstanding Garden City Group invoices and other Defense Costs not paid

3 or reimbursed by defendants, all in an amount within the unlimited jurisdiction of the

4 Superior Court and according to proof at trial.

5     29. As a further direct and proximate result of the conduct of defendants in

6 refusing to pay benefits due to Plaintiff, Plaintiff has been damaged thereby, including the

7 costs of having to retain and pay counsel to recover the policy benefits wrongfully withheld,

8 and having to file suit in order to recover policy benefits, including attorneys' fees and

9 expenses incurred to obtain policy benefits, all in amounts within the unlimited jurisdiction of

10 the Superior Court and according to proof at trial.

11     30. As a further direct and proximate result of the defendants' refusal to pay

12 benefits due to LSI and/or its Directors and Officers, and other such conduct as set forth

13 herein, LSI has suffered damages as a result, including the policy benefits withheld, loss of

14 goodwill and other economic losses and/or other special and general damages, in amounts

15 not fully ascertained but within the unlimited jurisdiction of the Superior Court.

16     WHEREFORE, plaintiff prays for judgment against defendants as hereinafter set

17 forth.

18

19               **III. SECOND CAUSE OF ACTION**

20 **(Breach of Implied Covenant of Good Faith and Fair Dealing Against all Defendants)**

21     31. Plaintiff incorporates herein by reference the allegations contained in

22 Paragraphs 1 through 30, as if fully set forth herein.

23     32. At all times herein relevant, defendants agreed to act in good faith and deal

24 fairly with their insureds, including LSI and its Directors and Officers, when defendants

25 entered into the policy of insurance alleged herein and accepted premiums from LSI for the

26 said policy. Defendants thereby assumed obligations of good faith and fair dealing toward

27 LSI and its Directors and Officers and thereby agreed to abide by such obligations.

28 Nevertheless, defendants failed and refused to act in good faith or deal fairly with LSI and

ADLESON, HESS &
KELLY, APC
577 Salmar Ave., 2nd Flr
Campbell, CA 95008
(408) 341-0234
Fax (408) 341-0250
www.ahk-law.com

1    its Directors and Officers and they otherwise breached the implied covenants of good faith

2    and fair dealing, as set forth more particularly herein.

3        33.    In the absence of a reasonable basis for doing so, and with full knowledge

4    and/or reckless disregard of the consequences, defendants engaged in the following

5    unreasonable conduct in violation of the duty of good faith and fair dealing:

6        a.    Defendants unreasonably failed and refused to provide coverage and/or

7    failed and refused to indemnify Loss including but not limited to the refusal to pay or

8    reimburse Defense Costs and/or settlements including but not limited to the $2,285,042.69

9    invoiced by Garden City Group, Inc. that LSI was legally obligated to pay in connection with

10   the Stockholder Action in violation of the terms of the ACE policy and the law of the State of

11   California, and Defense Costs of at least $182,386.25 that ACE refused to pay without

12   justification;

13       b.    Defendants unreasonably failed and refused to pay for or reimburse the

14   covered Loss based upon an unreasonable and erroneous interpretation of the ACE policy

15   against coverage and an unreasonable and erroneous analysis of its conditions and

16   exclusions, despite fact that the costs of providing notice to the class were clearly a part of

17   the settlement and the Court order enforcing the same, and were clearly covered by the

18   terms of the ACE policy;

19       c.    By their unreasonable and erroneous interpretation of the policy,

20   defendants unreasonably forced LSI to incur the obligation to pay the $2,285,042.69 for the

21   cost of providing notification as required by the settlement and Court order entered in the

22   Stockholder Action, and erroneously forced LSI to incur and pay Defense Costs of at least

23   $182,386.25 not paid or reimbursed by defendants;

24       d.    By their unreasonable and erroneous interpretation of the policy,

25   defendants unreasonably compelled LSI to retain and pay counsel to pursue the benefits

26   due under the policy and compelled LSI to initiate litigation in order to obtain benefits due

27   under the policy;

28       e.    Defendants unreasonably refused to pay for Defense Costs and/or settlements

ADLESON, HESS &
KELLY, APC
577 Salmar Ave., 2nd Flr
Campbell, CA 95008
(408) 341-0234
Fax (408) 341-0250
www.ahk-law.com

Case No.:            COMPLAINT FOR BREACH OF CONTRACT AND INSURANCE BAD FAITH            12

1  that LSI became legally obligated to pay, and unreasonably maintained that LSI had not

2  received consent from defendants to carry out and pay for the notification of the class in the

3  Stockholder Action.  The refusal to pay notification expenses based on the provision set

4  forth in the preceding paragraph was clearly erroneous, as the defendants consented to the

5  settlement, never objected to any portion of the settlement, approved the defense counsel

6  who retained the claims administration vendor who performed notification as required by the

7  settlement, allowed that defense counsel to retain other vendors in the course of the

8  defense of the action without requiring advance approval of the selected vendor, received

9  the benefits of the settlement in that defendants were not required to pay on behalf of the

10  insureds any amounts to the plaintiffs other than attorneys' fees and expenses, and

11  received the benefits of the settlement in that notification was properly accomplished so as

12  to finalize the settlement without further expense to defendants, among other reasons as

13  will be determined in the course of the action; and/or

14          f.      Defendants have engaged in other and additional unreasonable

15  conduct, acts or omissions in violation of their duties of good faith and fair dealing.

16        34.    As alleged herein, defendants pursued said course of conduct intentionally

17  and maliciously, in conscious disregard of the rights of LSI and its Directors and Officers,

18  fraudulently and/or with reckless disregard of the likelihood of causing their insureds

19  financial distress, and/or at all times to further their own economic interests at the expense

20  of their insureds' economic interests.  Further, defendants' refusal to acknowledge their

21  duties to extend coverage, including the duty to pay or reimburse Defense Costs and/or

22  settlements, was made with the intent to intimidate, vex and harass the insureds so as to

23  discourage them from pursuing their rights to benefits under the policy.  Plaintiff is informed

24  and believes and thereon alleges that defendants have a pattern and practice of wrongfully

25  denying obligations to extend coverage based upon interpretation of policy provisions to the

26  benefit of the insurer and against coverage, based upon a misapplication and

27  misrepresentation of the ACE policy's clause requiring insurer consent for certain actions, to

28  the benefit of the insurer and against the interests of the insureds, and based upon a narrow

ADLESON, HESS &
KELLY, APC
577 Salmar Ave., 2nd Flr
Campbell, CA 95008
(408) 341-0234
Fax (408) 341-0250
www.ahk-law.com

1  construction of their policies to avoid coverage.

2     35.    Defendants further breached their duties of good faith and fair dealing to LSI
3  as follows:

4        a.    Failing and refusing to make a reasonable, prompt and adequate
5  investigation of LSI's claim for benefits;

6        b.    Failing and refusing to pay LSI's claim for benefits, after liability for such
7  benefits had become reasonably clear;

8        c.    Failing and refusing to provide coverage to its insureds or
9  pay/reimburse Defense Costs and/or settlements for the attorneys' fees, expenses and/or
10  costs incurred in defense of the Stockholder Action;

11        d.    Failing and refusing to pay LSI the amount of Loss, including Defense
12  Costs and/or settlements, due under the ACE policy, within the policy limits, when requested
13  to do so;

14        e.    Resolving ambiguities in the policy to defendants' benefit and/or
15  interpreting exclusions and/or conditions in the policy against coverage when the exclusions
16  and/or conditions did not conclusively bar coverage;

17        f.    In the above and other conduct, violating the California Insurance Code;

18        g.    Handling the claim of LSI and/or its Directors and Officers in an unfair
19  manner;

20        h.    Misrepresenting to LSI and/or its Directors and Officers pertinent facts
21  and insurance policy provisions or application of policy provisions relating to the coverage at
22  issue;

23        i.    Failing and refusing to acknowledge and act reasonably promptly upon
24  receipt of communications from LSI and/or its Directors, Officers, representatives, agents
25  and/or attorneys, with respect to claims arising under the insurance policy;

26        j.    Failing and refusing to adopt, implement or follow reasonable standards
27  for the prompt investigation and processing of claims arising under the policy;

28        k.    Failing and refusing to attempt in good faith to execute prompt, fair and

ADLESON, HESS &
KELLY, APC
577 Salmar Ave., 2nd Flr
Campbell, CA 95008
(408) 341-0234
Fax (408) 341-0250
www.ahk-law.com

Case No.:                    COMPLAINT FOR BREACH OF CONTRACT AND INSURANCE BAD FAITH                    14

1  equitable settlement of the Stockholder Action, by withholding payment of a key element of
2  that settlement;

3          l.    Failing and refusing to provide a reasonable and prompt explanation to
4  LSI and/or its Directors, Officers, and agents of the basis relied on in the insurance policy, in
5  relation to the facts or applicable law, for the denial of and the failure to pay policy benefits
6  after acknowledging coverage under the policy was owed to Plaintiff;

7          m.    Failing and refusing to provide coverage for Loss when coverage was
8  required and/or when coverage was acknowledged by defendants;

9          n.    Requiring LSI to hire counsel in order to obtain coverage for benefits
10  due under the policy;

11          o.    Requiring LSI to file an action in order to obtain coverage for benefits
12  due under the policy; and/or

13          p.    Such other acts as may be determined to be in breach of the implied
14  covenant of good faith and fair dealing imposed upon defendants by law.

15      36.    As a direct and proximate result of defendants' refusal to pay for covered Loss
16  in the form of the reasonable and necessary expenses of notification to class members in
17  the Stockholder Action as herein alleged, and defendants' other breaches of the ACE
18  insurance policy, LSI has been or will be compelled to pay the sum of at least
19  $2,467,428.94 in outstanding Garden City Group invoices and other Defense Costs not paid
20  or reimbursed by defendants, all in an amount within the unlimited jurisdiction of the
21  Superior Court and according to proof at trial.

22      37.    As a further direct and proximate result of the conduct of defendants in
23  refusing to pay benefits due to Plaintiff, Plaintiff has been damaged thereby, including the
24  costs of having to retain and pay counsel to recover the policy benefits wrongfully withheld,
25  and having to file suit in order to recover policy benefits, including attorneys' fees and
26  expenses incurred to obtain policy benefits, all in amounts within the unlimited jurisdiction of
27  the Superior Court and according to proof at trial.

28      38.    Defendants' conduct alleged herein was done with malice, oppression and/or

ADLESON, HESS &
KELLY, APC
577 Satmar Ave., 2nd Flr
Campbell, CA 95008
(408) 341-0234
Fax (408) 341-0250
www.ahk-law.com

Case No.:              COMPLAINT FOR BREACH OF CONTRACT AND INSURANCE BAD FAITH         15

1  fraud. In order to deter such conduct in the future and to prevent repetition thereof as a

2  practice, by way of punishment and as an example, LSI prays that exemplary damages be

3  awarded against defendants and each of them, according to proof at trial pursuant to Civil

4  Code § 3294 *et seq.*

5  WHEREFORE, Plaintiff prays for judgment against defendants, as hereinafter set

6  forth.

7  **ON THE FIRST AND SECOND CAUSES OF ACTION:**

8  1. For general and special damages according to proof, in excess of

9  $2,467,428.94;

10  2. For interest on said damages at the legal rate, according to proof;

11  3. Costs of suit incurred herein;

12  4. For such other and further relief as the Court may deem just and proper.

13  **ON THE SECOND CAUSE OF ACTION:**

14  1. For punitive damages in an amount according to proof; and

15  2. For attorneys' fees and expenses, and costs incurred to obtain the benefits

16  to which Plaintiff was entitled under the policies of insurance alleged above.

17  **JURY TRIAL DEMAND**

18
19  Plaintiff hereby demands a trial by jury on all claims and causes of action alleged

20  herein.

21  Dated: August 14, 2014                    Respectfully submitted,

22                                            ADLESON, HESS & KELLY, APC

23  By: _____

24  RANDY M. HESS
    PAMELA A. BOWER
25  Attorneys for LSI CORPORATION

26

27

28

ADLESON, HESS &
KELLY, APC
577 Salmar Ave., 2nd Flr
Campbell, CA 95008
(408) 341-0234
Fax (408) 341-0250
www.ahk-law.com

# SANTA CLARA COUNTY SUPERIOR COURT
## ALTERNATIVE DISPUTE RESOLUTION
## INFORMATION SHEET

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

### What is ADR?

ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

### What are the advantages of choosing ADR instead of litigation?

ADR can have a number of advantages over litigation:

- ADR can save time. A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

- ADR can save money. Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

- ADR provides more participation. Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

- ADR provides more control and flexibility. Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

- ADR can reduce stress. ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

### What are the main forms of ADR offered by the Court?

Mediation is an informal, confidential, flexible and non-binding process in the mediator helps the parties to understand the interests of everyone involved, and their practical and legal choices. The mediator helps the parties to communicate better, explore legal and practical settlement options, and reach an acceptable solution of the problem. The mediator does not decide the solution to the dispute; the parties do.

Mediation may be appropriate when:
- The parties want a non-adversary procedure
- The parties have a continuing business or personal relationship
- Communication problems are interfering with a resolution
- There is an emotional element involved
- The parties are interested in an injunction, consent decree, or other form of equitable relief

Neutral evaluation, sometimes called "Early Neutral Evaluation" or "ENE", is an informal process in which the evaluator, an experienced neutral lawyer, hears a compact presentation of both sides of the case, gives a non-binding assessment of the strengths and weaknesses on each side, and predicts the likely outcome. The evaluator can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:
- The parties are far apart in their view of the law or value of the case
- The case involves a technical issue in which the evaluator has expertise
- Case planning assistance would be helpful and would save legal fees and costs
- The parties are interested in an injunction, consent decree, or other form of equitable relief

-over-

Arbitration is a less formal process than a trial, with no jury. The arbitrator hears the evidence and arguments of the parties and then makes a written decision. The parties can agree to binding or non-binding arbitration. In binding arbitration, the arbitrator's decision is final and completely resolves the case, without the opportunity for appeal. In non-binding arbitration, the arbitrator's decision could resolve the case, without the opportunity for appeal, unless a party timely rejects the arbitrator's decision within 30 days and requests a trial. Private arbitrators are allowed to charge for their time.

Arbitration may be appropriate when:

- The action is for personal injury, property damage, or breach of contract
- Only monetary damages are sought
- Witness testimony, under oath, needs to be evaluated
- An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

Civil Judge ADR allows parties to have a mediation or settlement conference with an experienced judge of the Superior Court. Mediation is an informal, confidential, flexible and non-binding process in which the judge helps the parties to understand the interests of everyone involved, and their practical and legal choices. A settlement conference is an informal process in which the judge meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations. The request for mediation or settlement conference may be made promptly by stipulation (agreement) upon the filing of the Civil complaint and the answer. There is no charge for this service.

Civil Judge ADR may be appropriate when:

- The parties have complex facts to review
- The case involves multiple parties and problems
- The courthouse surroundings would be helpful to the settlement process

Special masters and referees are neutral parties who may be appointed by the court to obtain information or to make specific fact findings that may lead to a resolution of a dispute.
Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

Settlement conferences are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.
Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

*What kind of disputes can be resolved by ADR?*
Although some disputes must go to court, almost any dispute can be resolved through ADR. This includes disputes involving business matters; civil rights; collections; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities; discrimination; employment; environmental problems; fraud; harassment; health care; housing; insurance; intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems; partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; sports; trade secret; and wrongful death, among other matters.

*Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, information about ADR procedures, or answers to other questions about ADR?*

Contact:

Santa Clara County Superior Court
ADR Administrator
408-882-2530

Santa Clara County DRPA Coordinator
408-792-2784